PETROPLUS, JUDGE:
The claimants, Central Asphalt Paving Co. and V. N. Green & Co. Inc., corporations, in the year 1963, performed certain work for the respondents on contracts for a road project in Cabell County, West Virginia. They have filed a claim in the amount of $159,915.50 *228 for unclassified excavation and special rock fill. The contracts required the petitioners to make excavations, install metal and concrete pipes and secure and place certain types of stone, gravel and sand for underdrains; to construct concrete gutters and inlets; to secure and place guard rails and posts; to secure and place special rock fill; to engage in special compaction; provide dust palliatives; to supervise and maintain traffic during the progress of the work on the project; secure and install fences; secure and place limestone and fertilizers; and to attend to requisite seeding and mulching.
The wide variety of work was performed under the contract obligations and the work was accepted as satisfactory by the respondents. In accordance with routine procedures, a final estimate was made by the respondents and on June 14, 1966, when payment was made to the claimants, certain claims were made for additional compensation arising from extra services and additional materials furnished by the claimants, which apparently were not covered by the contract provisions or documented by change orders or supplemental agreements as provided in the Standard Specifications for Roads and Bridges, adopted in 1960, by the State Road Commission of West Virginia. The record is silent as to whether the extra work was handled on a unit price basis or on a Force Account basis. The contractors accepted the final estimate as prepared by the respondents, released their claims subject to exceptions, and the disputed items were reserved for adjudication by the Attorney General of the State of West Virginia under the statute then in existence covering claims against the State (Chapter 14, Article 2, Section 1 to 12 inclusive, West Virginia Code). These statutes authorized the Attorney General to act as a special instrumentality of the Legislature for the purpose of considering and adjudicating claims against the State or any of its agencies. The present West Virginia Court of Claims was established by Chapter 27, Acts of the Legislature of 1967, which repealed the former statutes and in lieu thereof enacted Chapter 14, Article 2, which latter statutory provisions relate to the present Court of Claims. The 1967 legislation provided that a person who had a claim against the State or any state agency pending before the Attorney General on the effective date of the statute (July 1, 1967) could present such claim to the Court of Claims.
The claimants have followed this procedure and have filed their claim before this Court as of June 29, 1967.
*229 The respondents have filed a special plea of release, stating that the claimants are barred from seeking relief in this Court because on June 13, 1966, under seal and for a valuable consideration, they released all claims against the State except the certain disputed items which were reserved for adjudication by the Attorney General, provided they filed their claim with the Attorney General within ninety (90) days. Therefore, the respondents contend that the claim is now barred because the condition was not complied with, and this Court has no jurisdiction to consider the same or make any recommendations to the Legislature in connection therewith.
The original contract provided for a contract price of $1,037,855.-02 and with overruns and underruns, a payment of $1,009,102.94 was made to the claimants and accepted as full and complete payment of all claims and demands whatsoever, except for the disputed items which were to be presented to the Attorney General under the provisions of Chapter 14, Article 2 of the official code of West Virginia, as amended, within ninety (90) days from June 13, 1966.
The exact date that the claim was submitted to the Attorney General’s office does not appear in the record but at the hearing on December 5, 1972, counsel stated that the claim was not filed until about a year and a half after final payment to the contractors.
This case raises one issue and one issue only:
“Are the contractual provisions fixing a ninety (90) day limitation, which differ from the time fixed by the general statute of limitations, valid and enforceable in this Court?”
No briefs having been filed by counsel, the Court conducted its own research and is now of the opinion that such contractual provisions fixing a limitation period, unless precluded by statute or public policy, or unless the same are unreasonable or unreasonably short, are binding on the contracting parties and will relieve the obligor from the general limitation statute. This general rule has been applied frequently in contractual limitations provisions in insurance policies, fraternal benefits certificates, in bonds and various other types of contracts.
We have been unable to find a West Virginia case on the validity of voluntary contractual limitations which supersede the general statute of limitations. A Virginia case, Smith vs. Northern Neck Mutual *230 Fire Association of Virginia 112 Va. 192, 70 S. E. 482, decided in 1911, involving a claim on a fire insurance policy, held that a contractual limitation on the time within which the suit or action may be brought, is valid and enforceable if reasonable. This issue is annotated in 6 A.L.R. (3d) 1197.
It is the opinion of this Court and we so find that under the circumstances of this case, a ninety (90) day limitation of time for filing the claim before the Attorney General, which was voluntarily agreed to by all parties, is reasonable and not unreasonably short. There is no commonly accepted or well defined test of standards for determining whether contractual limitation periods are reasonable. If the limitation period is so short that it abrogates a person’s right of action, it should be held invalid and against public policy. The parties agreed to the ninety (90) day provision and these disputed items should have been presented within the time fixed by the contract of the parties. The purpose of the limitation was to bring to an end and resolve the dispute, and it does not appear to the Court that undue advantage was taken of the claimants.
The shorter limitation prescribed by the written contract of the parties, in our opinion, is not in conflict with public policy or merely permissive. It is a condition of the settlement and a contractual modification of the period of limitation which the claimants otherwise would have under general law. The claimants will not now be permitted, at this late date, to revise or modify their contract when many personnel changes have occurred in the offices of the West Virginia Department of Highways and records, diaries and other documentation of the project may be missing or unavailable.
For the foregoing reasons, the special plea of release will be sustained and no award will be made in this case.
Claim disallowed.